**Electronically Filed
Intermediate Court of Appeals
29588
05-MAY-2011
08:44 AM**

NO. 29588

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


S.P.P. No. 06-1-0002(3)
WILLIAM WENDELL RAMSEY, JR., Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee,
and
S.P.P. No. 08-1-0014(3)
WILLIAM W. RAMSEY, JR., Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee,
and
S.P.P. No. 08-1-0017(3)
WILLIAM W. RAMSEY, JR., Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Reifurth, JJ.)

Petitioner-Appellant William Wendell Ramsey, Jr.
(Ramsey) appeals from the Order Denying, Without Evidentiary
Hearing, Petitions to Vacate, Set Aside, or Correct Judgment or
Release Petitioner from Custody (Order) filed on December 17,
2008 in the Circuit Court of the Second Circuit (circuit court)
in S.P.P. Nos. 06-1-0002(3), 08-1-0014(3), and 08-1-0017(3).[1]

---

[1] The Honorable Joseph E. Cardoza presided.

On August 18, 1994, in Cr. No. 94-0037(3), a jury convicted Ramsey of Sexual Assault in the Third Degree and Burglary in the First Degree. The circuit court entered a Judgment on October 28, 1994. Ramsey did not appeal from the Judgment.

On March 17, 1997, pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure (HRPP), Ramsey, pro se, filed a Petition for Post-Conviction Relief (First Petition) in S.P.P. No. 97-0004(3). Ramsey alleged that his conviction had been obtained by the unconstitutional failure of the State of Hawai'i (State) to disclose exculpatory evidence, he was denied effective assistance of trial counsel, and he was denied the right to appeal. The circuit court denied the First Petition without a hearing. Ramsey appealed, and counsel was appointed to represent Ramsey on appeal. This court affirmed in part and vacated in part the circuit court's denial and remanded the case to the circuit court to conduct an evidentiary hearing on, inter alia, Ramsey's claim that he was denied effective assistance of trial counsel because counsel failed to properly advise him on his decision to testify at trial. This court also instructed that on remand Ramsey could file an amended petition to incorporate additional issues.

On August 9, 1999, with the assistance of appointed counsel, Ramsey filed an amended First Petition (Amended First Petition), in which he also asserted, inter alia, ineffective assistance of trial counsel for counsel's failure to (1) investigate the case; (2) withdraw as counsel as requested; (3) file various motions, including speedy trial; (4) question or cross-examine witnesses during the course of the trial; (5) file a direct appeal; (6) raise the issue of improper questioning by the police; (7) advise Ramsey of the consequences of testifying at trial; (8) consolidate sentencing with probation revocation proceedings; (9) raise the issue of ignorance or mistake of fact as a jury instruction or defense; (10) raise Ramsey's

intoxication to negate the requisite mens rea; and (11) raise the issue of Ramsey's competency to stand trial.

On February 18, 2000, the circuit court denied the Amended First Petition. On August 28, 2001, this court affirmed the denial of the Amended First Petition in No. 23288.

On September 25, 2003, Ramsey filed a Petition for Post-Conviction Relief (Second Petition) in S.P.P. No. 03-1-0016(3). The Second Petition stated a claim for ineffective assistance of trial counsel for counsel's failure to warn Ramsey against testifying under the influence of an antidepressant. On April 19, 2004, without a hearing, the circuit court denied the Second Petition. On July 28, 2005, this court affirmed the denial of Ramsey's Second Petition in No. 26557.

On August 31, 2005, Ramsey filed a Petition for Post-Conviction Relief (Third Petition) in S.P.P. No. 05-1-0025(2), alleging prosecutorial misconduct. On December 7, 2005, the circuit court denied the Third Petition without a hearing. Ramsey appealed the denial of his petition.

On January 3, Ramsey filed a Petition for Post-Conviction Relief (Fourth Petition) in S.P.P. 06-1-0002(3). Ramsey claimed he had received ineffective assistance of counsel because, inter alia, his trial counsel failed to request that the jury be instructed that Criminal Trespass in the First Degree is an included offense to the charge of Burglary in the First Degree. On March 11, 2006, the circuit court granted the State's motion to dismiss the Fourth Petition. Ramsey appealed the dismissal of the Fourth Petition.

On May 15, 2008, this court affirmed the denial of the Third Petition and vacated the circuit court's March 11, 2006 order dismissing the Fourth Petition. This court remanded the Fourth Petition for further proceedings.

On August 5, 2008, Ramsey filed a Petition for Post-Conviction Relief (Fifth Petition) in S.P.P. No. 08-1-0014(3).

On October 22, 2008, Ramsey filed a Petition for Post-Conviction Relief (Sixth Petition) in S.P.P. No. 08-1-0017(3), alleging, inter alia, ineffective assistance of counsel for trial counsel's failure to call two expert witnesses on the question of Ramsey's fitness to proceed.

On December 17, 2010, the circuit court issued the Order, in which the court denied the Fourth, Fifth, and Sixth Petitions, stating that the issues raised in the petitions had been "previously ruled upon or were knowingly and understandingly waived" by Ramsey and his claims were "patently frivolous and without trace of support either in the record or from other evidence" submitted by Ramsey. Ramsey filed, pro se, an appeal from the Order.

On appeal, Ramsey raises only one error from his Fourth Petition in S.P.P. No. 06-1-0002(3): he received ineffective assistance of counsel because his trial counsel failed to request that the jury be instructed that Criminal Trespass in the First Degree is an included offense of Burglary in the First Degree.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that Ramsey's appeal is without merit.

The issue of ineffective assistance of counsel has been ruled upon, and, therefore, relief is not available pursuant to HRPP Rule 40. HRPP Rule 40(a)(3). In addition, to the extent this particular claim of ineffective assistance of counsel was not previously raised and addressed, it was waived. HRPP Rule 40(a)(3).

Therefore,

IT IS HEREBY ORDERED that the Order Denying, Without Evidentiary Hearing, Petitions to Vacate, Set Aside, or Correct Judgment or Release Petitioner from Custody filed on December 17,

2008 in the Circuit Court of the Second Circuit in S.P.P. Nos. 06-1-0002(3), 08-1-0014(3), and 08-1-0017(3) is affirmed.

DATED:  Honolulu, Hawai'i, May 5, 2011.

On the briefs:

William H. Jameson, Jr.
for Petitioner-Appellant.

Renee Ishikwa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge